IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KANSAS CITY TIC-KENNICOTT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-00691-SRB |
| | ) | |
| PLANNED INDUSTRIAL EXPANSION | ) | |
| AUTHORITY OF KANSAS CITY, | ) | |
| MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before this Court is Defendants' Joint Motion to Dismiss for Failure to State a Claim (Doc. #7). For the reasons discussed below, the Motion is denied.

**I. Background**

This case involves the very unexciting, but extremely important, topic of parking spaces. 300 Wyandotte Condominium is split into two units - Unit 1 is the garage with 396 parking spaces owned by the Planned Industrial Expansion Authority of Kansas City, Missouri ("PIEA") and Unit 2 is the office building on top of Unit 1. Plaintiffs own Unit 2 and seek to sell their interests. At oral argument Plaintiffs alleged the uncertainty regarding parking prevents the sale and is part of their claimed damages. RMW Apartments/Parking, a neighbor to 300 Wyandotte, has leased parking spots in Unit 1 from PIEA. Obviously, parking is an important aspect of business operations for all the parties to this suit.

**II. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows causes of action to be dismissed for "failure to state a claim upon which relief can be granted." In evaluating claims challenged under

this rule, courts must accept all well-plead allegations as true. Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 249 (2009) ("Because this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we assume the truth of the facts as alleged in petitioners' complaint."). However, allegations representing "legal conclusions or 'formulaic recitation of the elements of a cause of action' . . . may be properly set aside." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)). Pleadings do "not require 'detailed factual allegations,'" but must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)); see also Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 717 (holding that dismissal of an action was appropriate when the "complaint merely alleged, but did not show, that [plaintiff] is entitled to relief" and required the court to "infer more than the mere possibility of misconduct."). "The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action." Twombly, 550 U.S. at 555 (internal citations omitted).

The "evaluation of a complaint upon a motion to dismiss is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Braden, 588 F.3d at 594 (internal citations omitted). A claim may not be dismissed, however, simply because the judge disbelieves the allegations or finds the likelihood of recovery remote. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594.  In ruling on a motion to dismiss under Rule 12(b)(6), a court "may consider material yes we can! 2006) (quoting Abels v. Farmers Commodities Corp., 259 F.3d 910, 921 (8th Cir. 2001)); Fed.R.Civ.P. 10(c). "The court may consider the pleadings themselves, materials

embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011) (quoting Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010)). "A motion to dismiss pursuant to Rule 12(b)(6) 'must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court.'" Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992) (quoting Woods v. Dugan, 660 F.2d 379, 380 (8th Cir. 1981) (per curiam)). "Most courts ... view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." Id. (quoting Wright & Miller, Federal Practice and Procedure § 1366 (footnotes omitted)).

## III. Discussion

Central to the Motion to Dismiss is the examination of certain documents. Defendants assert that 1) the contract terms are unambiguous and 2) an examination of certain documents prevent plaintiff from prevailing on any of their claims. In the briefing and oral argument, defendants assert that only the following documents need to be reviewed:

1. Parking garage lease dated April 30, 2004 between PIEA and RVM;
2. Condo Declaration dated December 19, 2005;
3. Amended and Restated Parking Garage Lease dated August 7, 2013 between PIEA and RMWP.
4. Parking garage lease dated April 30, 2004 between PIEA and HOK; and
5. Amended and Restated Parking Garage Lease dated December 22, 2005 between PIEA and HOK.

Plaintiffs have attached thirteen exhibits to their complaint, including the five referenced by defendants. Plaintiffs argue that the terms are unambiguous and the Motion to Dismiss should be denied. In the alternative, then the terms are ambiguous and a trial is needed.

3

Plaintiffs' claims are for I. Breach of Contract; II. Interference with Business Relationships; III. Trespass; IV. Conspiracy; V. Quiet Title; and VI. Declaratory Judgment.

In this case, both parties argued that they should prevail on the Motion to Dismiss under what they believe are the relevant documents. This Court, however, is bound by Eighth Circuit precedent to treat this motion as a motion for summary judgment given the plethora of matters outside the pleadings. Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992). This Court believes the most prudent course is for the Motion to Dismiss to be denied and the parties can simply file cross-motions for Summary Judgment.

**IV. Conclusion**

Accordingly, it is hereby

ORDERED that defendants' Motion to Dismiss (#7) is denied.


Dated: December 30, 2015  /s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE